UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY FIORE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 04CV40100DPW |
| ) | |
| DAVID L. WINN, WARDEN ) | |
| ) | |
| Respondent. ) | |
| ) | |

**MEMORANDUM OF LAW IN SUPPORT OF RESPONDENT'S MOTION TO DISMISS PLAINTIFF'S PETITION PURSUANT TO FED. R. CIV. P. 12(b)**

**Introduction**

Petitioner, Anthony Fiore, commenced the instant action on or about June 3, 2004, by filing a petition for writ of mandamus and/or habeas corpus against David L. Winn, Warden of the Federal Medical Center, Devens, Massachusetts, ("FMC Devens") with the United States District Court for the District of Massachusetts. Plaintiff filed this petition pursuant to 28 U.S.C. §§ 1361 and 2241 respectively, to compel the Federal Bureau of Prisons ("BOP") to calculate his federal sentence of imprisonment in accordance with 18 U.S.C. § 3624(b). (See Petition, p. 1.) Petitioner alleges that the BOP Program Statement 5880.28[1] "materially undermines" § 3624(b). (Id.) Petitioner contends that as a result of the BOP Program Statement 5880.28 and 28 C.F.R. § 523.20, he has been denied

---

[1]  BOP Program Statement 5880.28 is an internal guideline, merely providing examples of how the proration mechanism of BOP regulation 28 C.F.R. § 523.20 is applied. BOP Program Statement 5880.28 at 1-45 (1992). The program statement does not purport to alter the BOP regulation in any way. In the instant case, Petitioner refers to both though only the regulation is significant. (Petition, p. 2)  However, for the reasons stated above, the regulation, not the policy statement is truly at issue.  Therefore, Respondent does not address the policy statement in any detail.  See, e.g., Pacheco-Camacho v. Hood, 272 F.3d 1266, 1268 n.2 (9th Cir. 2001).

a full 54 days credit for each year of his respective sentence.  (Id. at p. 2.)  Petitioner further alleges that failure to grant the full 54 days credit for each year of his **imposed** sentence "runs afoul of a plain reading of § 3624(b) and the Congressional intent underlying that statute."  (Id.)

As a result of Petitioner's failure to exhaust administrative remedies, failure to adequately allege a justiciable claim, and lack of subject matter jurisdiction, Respondent moves this Court to dismiss Petitioner's complaint in its entirety, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

## Statement of Facts

Petitioner, Anthony Fiore, Reg. No. 09682-158, a federal inmate, is currently incarcerated at FMC Devens.  (See Petition, p. 1.)  On May 13, 1992, Petitioner was sentenced to twenty years in the United States District Court for the District of Rhode Island.  (Id.)  As Petitioner was sentenced to more than one year, he is eligible to receive good conduct time ("GCT") credit pursuant to 18 U.S.C. § 3624(b).

The BOP established a policy for implementing the GCT credit provision of § 3624(b).  (Id.)  The BOP's interpretation of § 3624(b) is set forth in a published regulation at 28 C.F.R. § 523.20.  (Id.)  BOP Policy Statement 5880.28 is an internal guideline providing examples of how proration is applied.  Consistent with 28 C.F.R. § 523.20 and BOP Policy Statement 5880.20, Stephen Gagnon, Inmate Systems Manager at FMC Devens, allots GCT credits to inmates for time actually served.  (Id. at p. 2)

Invoking jurisdiction under, inter alia, 28 U.S.C. § 2241, Petitioner seeks a writ directing Respondent to "re-compute his sentence, and award him GCT credits totalling [sic] fifty-four days for each year of the 'sentence imposed'. . . ."  (Id. at p. 7).

**Statutory and Regulatory Framework**

**18 U.S.C. § 3624(b): Good Conduct Time**

In this case, the relevant statute, 18 U.S.C. § 3624(b), provides in pertinent part:

> **Credit toward service of sentence for satisfactory behavior**.--
> (1) [A] prisoner who is serving a term of imprisonment of more than 1 year . . . **may** receive credit toward the service of the prisoner's sentence, beyond the time served, of **up to** 54 days at the end of each year of the prisoner's **term of imprisonment**, beginning at the end of the first year of the term, **subject to** determination by the bureau of Prisons that, during the year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

(Emphasis supplied.) The meaning of the phrase "term of imprisonment," as used in this section, is the source of some debate and is at issue in this case.

**BOP Regulation 28 C.F.R. § 523.20**

The BOP promulgated its interpretation of the 18 U.S.C. § 3624(b) provision for good conduct time, 28 C.F.R. § 523.20, through notice and comment procedures. Section § 523.20 states in pertinent part: "Pursuant to 18 U.S.C. 3624(b), . . . an inmate earns 54 days credit toward service of sentence (GCT credit) **for each year served**." (emphasis supplied).

**Argument**

For the purposes of a Rule 12 motion to dismiss, a court accepts that all factual allegations set forth in the complaint are true. See Williams v. City of Boston, 784 F.2d 430, 433 (1st Cir. 1986); Mulloy v. United States, 884 F. Supp. 622, 626 (D. Mass. 1995). When the averments of the complaint, as well as their proper inferences, are construed in favor of the plaintiff and "it appears beyond doubt that the plaintiff can provide no set of facts in support of his claim which would entitle him to relief," the claim will be dismissed. Williams, 784 F.2d at 433; see Mulloy, 884 F. Supp. at 626. However, when a court is faced with a motion to dismiss

3

for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), it is the party asserting jurisdiction who has the burden of establishing that jurisdiction exists. O'Toole v. Arlington Trust Co., 681 F.2d 94, 98 (1st Cir. 1982). In the instant case, even accepting as true all of Petitioner's allegations of fact, this Court should dismiss the petition in its entirety for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), and for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

I. **PETITIONER FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES, THEREFORE, DISMISSAL IS PROPER AS THIS COURT LACKS SUBJECT MATTER JURISDICTION TO GRANT THE REQUESTED RELIEF.**

    A.    **Exhaustion of Administrative Remedies**

The Supreme Court has long recognized that exhaustion serves two equally important functions: (1) protecting administrative agency authority; and (2) promoting judicial efficiency. See Weinberger v. Salfi, 422 U.S. 749, 765 (1975). As such, application of the exhaustion doctrine is "intensely practical." Mathews v. Eldridge, 424 U.S. 319, 332 n. 11 (1976). The exhaustion doctrine "enables the agency to develop a factual record, to apply its expertise to the problem, to exercise its discretion, and to correct its own mistakes, and is credited with promoting accuracy, efficiency, agency autonomy, and judicial economy." Christopher W. v. Portsmouth Sch. Comm., 877 F.2d 1089, 1094 (1st Cir. 1989) (citing McKart v. United States, 395 U.S. 185, 194 (1969)). Petitioner concedes that he has not exhausted his administrative remedies, therefore, his petition should be dismissed for lack of subject matter jurisdiction. (See Petition, p. 3).

The BOP established an Administrative Remedy Program whereby inmates can "seek formal review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10.

This three-level administrative remedy process is available if less formal procedures have not resolved the problem. See 28 C.F.R. §§ 542.10-542.16.  The procedure requires that an inmate first address his Administrative Remedy Request (e.g., the complaint) on the "appropriate form" to the prison Warden "20 calendar days following the date on which the basis for the request occurred." Id. at § 542.14(a), (c).  If dissatisfied with the response from the Warden, the inmate may appeal his complaint "on the appropriate form" to the Regional Director for the region where the inmate is located "within 20 calendar days of the date the Warden signed the response." Id. at § 542.15(a), (b).  If dissatisfied with the Regional Director's response, the inmate may submit yet another appeal "on the appropriate form" to the Director, National Inmate Appeals, in the Office of the General Counsel in Washington, D.C. "within 30 calendar days of the date the Regional Director signed the response." Id.  An inmate has not exhausted his administrative remedies until he has sought review at *all three levels*. Id. at § 542.15(a).[2] (Emphasis supplied.)

Generally, petitioners seeking relief under 28 U.S.C. § 2241 must exhaust their administrative remedies prior to presenting their claims in federal court. Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994).[3]  The same is true for petitioners seeking relief under 28 U.S.C. § 1361.

---

[2] There are some complaints that may be filed initially at the Regional or Central Office level.  See 28 C.F.R. § 542.14(d).  Plaintiff's complaint does not fall into one of those specified categories.

[3] The Prison Litigation Reform Act ("PLRA") amended 42 U.S.C. § 1997e(a) in such a way "as to make exhaustion of all administrative remedies mandatory–whether or not they provide the inmate-plaintiff with the relief he says he desires in his federal action." Booth v. Churner, 206 F.3d 289, 300 (3rd Cir. 2000) (aff'd in Booth v. Churner, 532 U.S. 731 (2001)) (quoting Nyhius v. Reno, 204 F.3d 65, 72 (3rd Cir. 2000).  The PLRA of 1995 provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until

See Maynard v. Havenstrite, 727 F.2d 439, 441 (5th Cir. 1984); Lane v. Hanberry, 593 F.2d 648, 649 (5th Cir. 1979). Although 28 U.S.C. § 2241 does not specifically require petitioners to exhaust administrative remedies prior to filing habeas petitions, courts may still require, as a prudential matter, that habeas petitioners exhaust available remedies prior to seeking relief under § 2241. See Castro-Cortez v. I.N.S., 239 F.3d 1037, 1047 (9th Cir. 2001). Once administrative remedies are exhausted, see 28 C.F.R. §§ 542.10-542.16, Petitioner may then seek judicial review of his GCT determination by filing a habeas petition under 28 U.S.C. § 2241. See Rogers v. United States, 180 F.3d 349, 358 (1st Cir. 1999) (stating that "[o]nce administrative remedies are exhausted, prisoners may then seek judicial review of any jail-time credit determinations [pursuant to 18 U.S.C. § 3585(b)(2)] . . . by filing a habeas petition under 28 U.S.C. § 2241.").

### B. Exceptions to the Exhaustion Requirement

Exceptions to the exhaustion doctrine are appropriate where "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). These exceptions, however, apply only in extraordinary circumstances. Id. The petitioner bears the burden of establishing entitlement to one or more of these exceptions. Id. While conceding that he has not exhausted his administrative remedies, Petitioner contends that his failure to exhaust should be excused as "futile," and the court should consider his claim on the merits. (See Petition, p. 3.)

Petitioner fails to establish any exception to the exhaustion requirement. In his petition,

---

such administrative remedies as are available are exhausted." Id. at 299. To the extent that the PLRA applies, Respondents assert that exhaustion is required. See Porter v. Nussle, 534 U.S. 516, 524 (2002); But see Monahan v. Winn, 276 F. Supp. 2d 196, 204 (D.Mass. 2003).

he noted four possible exceptions. (See Petition, p. 3.) Of these exceptions, Petitioner only argued futility.[4] (Id.) Petitioner asserts that although "countless prisoners at FMC Devens have attempted to have their sentences re-computed . . . all of such efforts have been fruitless, and were categorically denied." (Id.) Exhaustion, however, is not futile merely because Petitioner believes that his administrative review will be denied. See Green v. Meese, 875 F.2d 639, 641 (7th Cir. 1989) ("No doubt that denial *is* the likeliest outcome, but that is not sufficient reason for waiving the requirement of exhaustion.").

Petitioner is a little more than half way through his 20 year sentence, there is no reason why he cannot exhaust his administrative remedies prior to seeking habeas relief. Where, as here, an inmate fails to exhaust available administrative remedies, the Court lacks subject matter jurisdiction over his civil action and it should be dismissed. Jenkins v. Haubert, 179 F.3d 19, 28-29 (2nd Cir. 1999); see, e.g., United States v. Flanagan, 868 F.2d 1544, 1546-47 (11th Cir. 1989) (prisoner's claim that his pre-sentence custody should have been credited against his sentence was not properly before the court because prisoner failed to exhaust administrative remedies available through federal prison system before seeking judicial review). As Petitioner acknowledges his failure to exhaust available administrative remedies and the futility exception

---

[4] The other exceptions noted by Petitioner included: "(1) available remedies provide no 'genuine opportunity for adequate relief'; (2) irreparable injury may occur without immediate judicial relief; . . . (4) in certain instances [when] a plaintiff has raised substantial constitutional question.'" To the extent that Petitioner may believe an assertion of any other exception was plausible, Respondent asserts that any attempted assertion of these exceptions would also fail. With respect to the first exception noted in his petition, the Third Circuit, in Booth v. Churner, held that the PLRA, as amended, makes exhaustion of administrative remedies mandatory regardless of whether they provide the inmate-plaintiff with the relief desired. 206 F.3d at 300. As for the two remaining exceptions, there is no evidence of, nor any assertion made alleging irreparable injury or substantial constitutional question.

has not been established, his claim should be dismissed for lack of subject matter jurisdiction.

II.  **DISMISSAL IS PROPER BECAUSE PETITIONER FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

Petitioner alleges that the BOP's failure to grant GCT credits based on his imposed sentence is contrary to a plain reading of § 3624(b) and the underlying intent of Congress.[5] Petitioner attempts to support his argument, that the BOP's method of calculating GCT pursuant to 18 U.S.C. § 3624(b) is erroneous, with White v. Scibana, 2004 WL 877606 *1 (W.D.Wis. April 23, 2004). (See Petition, p.3.) However, the Scibana court's, and subsequently, Petitioner's, position is in conflict with that of several courts. See Pacheco-Camacho v. Hood, 272 F.3d 1266 (9th Cir. 2001); Pasciuti v. Drew, 2004 WL 1247813 *1 (N.D.N.Y. June 2, 2004); Martinez v. Wendt, 2003 WL 22456808 *1 (N.D.Tex. Oct. 24, 2003) (Mag. Report and Recommendation), adopted by the district court 2003 WL 22724755 (N.D.Tex. 2003); Williams v. Lamanna, 20 Fed. Appx. 360, 2001 WL 1136069 (6th Cir. Sept. 19, 2001) (unpublished decision); Brown v. Hemingway, 53 Fed. Appx. 338 (6th Cir. Dec. 16, 2002) (unpublished decision) (all holding that the BOP's interpretation of § 3624(b) was reasonable).

    A.  **BOP Regulation, 28 C.F.R. § 523.20, Is Entitled to Full Deference Under Chevron.**[6]

In Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc., the Environmental Protection Agency ("EPA"), charged with enforcing the Clean Air Act, interpreted the term "stationary source." 467 U.S. at 837. The Supreme Court held that "with regard to judicial review of an agency's construction of the statute which it administers, if Congress has not directly spoken to

---

[5] It is important to note that under the BOP's interpretation, Petitioner remains eligible to receive the maximum 54 days GCT credit per year.

[6] Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837 (1984).

the precise question at issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." Id. at 837-838.  In effect, the Chevron ruling established that a great deal of deference should be granted to agency interpretations.  Id.  In the instant case, the BOP is the agency charged with computing prison sentences and as a result, GCT credits.  United States v. Evans, 1 F.3d 654, 654 (7th Cir. 1993) (citing Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992)).  BOP regulation 28 C.F.R. § 523.20 represents the BOP's reasonable interpretation of the statutory ambiguity in 18 U.S.C. § 3624(b).  Accordingly, BOP regulation 28 C.F.R. § 523.20 is entitled to full deference under Chevron.

Petitioner contends that a level of deference below that which was required in Chevron applies when a statute "does not indicate that Congress meant to delegate authority to the agency to issue rulings with the binding force of law. (Petition, p. 6).  Petitioner cites to Reno v. Koray, 515 U.S. 50 (1995), which accorded "some deference" to an internal BOP guideline.  Id.  At issue in the instant case, however, is a BOP published regulation.  BOP regulation 28 C.F.R. §523.20 represents the agency's interpretation of § 3624(b) and was adopted through notice-and-comment procedure.  As such, this BOP regulation is entitled to the full deference mandated by Chevron.  Pacheco-Camacho v. Hood, 272 F.3d 1266, 1268 (9th Cir. 2001); cert denied 535 U.S. 1105, (2002).

In reviewing an agency's interpretation of a statute, courts apply the two-pronged test set forth in Chevron.  The court must first decide whether "Congress has directly spoken to the precise question at issue," such that "the intent of Congress is clear." Chevron, 467 U.S. at 842.  If "the statute is silent or ambiguous," the court must then determine whether the agency's interpretation "is based on a permissible construction of the statute." Id. at 843.  When, as here, the statutory language at issue is ambiguous and the agency puts forth a reasonable

9

interpretation, a court may not substitute its own construction for that of the agency's.  See id.
Therefore, substantial deference should be granted to an agency's interpretation of a statute it is entrusted to administer.  Brissett v. Ashcroft, 363 F.3d 130, 133 (2nd Cir. 2004) (citing Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 843 (1984); Diallo v. I.N.S., 232 F.3d 279, 285 (2nd Cir. 2000)).[7]

### 1.   The Phrase "term of imprisonment", As Used In 18 U.S.C. § 3624(b), Is Ambiguous.

Petitioner, relying on Scibana, argues that "term of imprisonment" is not ambiguous.  Section 3624(b) provides that an inmate may earn up to 54 days of GCT "at the end of each year of the prisoner's term of imprisonment."  The issue is whether the phrase "term of imprisonment," as it is used in this section, means sentence imposed or time served.  See Pacheco-Camacho, 272 F.3d at 1268; Scibana, 2004 WL 877606 at *1.  In Pacheco-Camacho, the Ninth Circuit held that "term of imprisonment" is ambiguous stating: "the language of

---

[7] Petitioner does not expressly assert a rule of lenity claim in his petition.  Petitioner does, however, argue that the BOP's interpretation of the statute is a "strained reading" of the statute and a "complete distortion of congressional intent." (Petition, p. 4.)  To the extent that his petition, in arguing against deference with respect to statutory ambiguity, is a rule of lenity claim in disguise, Respondent asserts that this claim would also fail.  Section 3624 is a penal statute, and therefore, if ambiguous, may fall under the rule of lenity.  The rule of lenity arises out of concern for individual rights and belief that defendants should be given fair warning as to what constitutes criminal conduct.  Pacheco-Camacho, 272 F.3d at 1271 (citing United States v. Bass, 404 U.S. 336, 347-48 (1971)).  It also ensures that courts do not impose prohibitions greater than the legislature intended.  Id.  The ambit of the rule of lenity is very narrow, in that it is limited to criminal statutes and penalties imposed for criminal conduct.  As § 3624(b) is not concerned with crimes and their punishment, it is not a penal statute for purposes of the rule of lenity.  Thus, the rule of lenity does not prevent an agency from resolving statutory ambiguity through valid regulation.  Babbit v. Sweet Home Chapter of Cmtys., 515 U.S. 687, 704 n.18 (1995). To the extent that § 3624(b) is ambiguous, the BOP resolved it through a reasonable interpretation, accordingly the rule of lenity does not apply.  Lopez v. Davis, 531 U.S. 230, 242 (2001).  Additionally therefore, the Chevron doctrine applies since 28 C.F.R. § 523.20 was adopted through notice and comment procedure.  Id.

section 3624(b) does not make clear whether the sentence imposed or the time served" should be the basis for awarding good conduct time.  Pacheco-Camacho 272 F.3d at 1269.  The plain language of the statute neither provides clear guidance, nor compels a conclusion that "term of imprisonment" must refer to the imposed sentence, therefore, the statute is ambiguous.  When ambiguity exists, the court "may seek evidence of congressional intent in the legislative history."  See U.S. v. Commonwealth Energy System and Subsidiary Companies, 235 F.3d 11, 15 (1st Cir. 2000) (citing Robinson v. Shell Oil Co., 519 U.S. 337, 340 (1997)).

Petitioner argues, based on the statements of Senator Biden, that Congress intended to grant inmates GCT credit of up to 15% of their sentence.  (Petition, p. 4).  However, even the Scibana case, on which Petitioner relies, recognized the very limited probative value of these statements as they were issued well after § 3624(b) went into effect.  2004 WL 877606 at *5 (citing St. Francis Hospital Center v. Heckler, 714 F.2d 872 (7th Cir. 1983) ("[P]ost enactment history is not the surest guide of the legislative intent in initially passing the Act.").  The statutory predecessor to § 3624 computed GCT credits monthly and at different rates depending upon the length of the prison term.  See Pacheco-Camacho, 272 F.3d at 1269 (citing Continuing Appropriations, 1985—Comprehensive Crime Control Act of 1984, Sen. Rep. No. 98-225 (1984), reprinted in 1984 U.S.C.C.A.N. 3182, 3329-30).  By enacting the new statute, Congress sought to simplify the computation, though not to the point of granting GCT credit for time not served.  Pacheco-Camacho, 272 F.3d at 1269.  If Congress intended to oversimplify the calculation, it would have removed the prorated scheme for the final year of imprisonment.  Id.  If Congress intended the result sought by Petitioner, it could have chosen not to award any GCT credits for the last year or to award the full 54 days regardless.  Id.  Instead, Congress, seeking an equitable result, arrived at § 3624(b), which allows a prisoner to estimate with greater certainty

the time of his release, and provides a simplified, though not simplistic, computation. See id. Therefore, the legislative history lends additional support to the BOP's regulation as it illustrates congressional desire to find a balance between simplicity and fairness. Id. at 1270.

> **2.     The BOP Regulation is a Reasonable Interpretation of the Phrase "term of imprisonment."**

The BOP's interpretation of 18 U.S.C. § 3624(b), as announced in 28 C.F.R § 523.20, is reasonable. A court may reverse an agency's interpretation of an ambiguous statute only if it finds the interpretation to be "arbitrary, capricious, or manifestly contrary to statute." Chevron, 467 U.S. at 844. "The court need not conclude that the agency construction was the only one it permissibly could have adopted to uphold the construction, or even the reading the court would have reached if the question initially had arisen in a judicial proceeding." Chevron, 467 U.S. at 843 n. 11. The court need only determine that the agency's interpretation is "a permissible construction of the statute." Id. at 843. Hence, the court should give the BOP's interpretation of § 3624(b) great deference. See, e.g., Sanderson Farms, Inc. v. N.L.R.B., 335 F.3d 445, 452 n. 8 (5th Cir. 2003).

Under § 3624(b), prisoners may be awarded 54 days GCT credit per year only "at the **end of each year** of the prisoner's term of imprisonment . . . ." The BOP interpreted the statutory ambiguity regarding the phrase "term of imprisonment," to mean **time served** by the inmate, not the time that might potentially be served (sentence imposed). 28 C.F.R. § 523.20. The BOP's calculation of GCT affords inmates their full 54 days, credited at the end of each year, which results in no GCT credits for years of an inmate's sentence that are not served. The BOP's interpretation is therefore reasonable, given that § 3624(b) directs the award of GCT credit "at the **end** of each year." As a result of the awarded GCT credits, an inmate's sentence is reduced.

It is logical for the BOP to calculate GCT based upon the number of years an inmate will in fact serve, rather than the sentence imposed.

The Scibana court disagreed with Pacheco-Camacho, and held that "§ 3624(b) is unambiguous: 'term of imprisonment' means 'sentence imposed.'" Scibana, 2004 WL 877606 at *2. The Scibana court's analysis is too narrow, focusing solely on the phrase "term of imprisonment" without placing it in the context of § 3624(b). If GCT credits were awarded based on the sentence imposed, prisoners would be awarded good conduct credit for years of their sentence which, as a result of such credit, they are no longer required to serve. Based upon the statutory requirement that GCT credit be awarded "at the end of each year," and given that GCT credit for the last year of a prisoner's term of imprisonment is prorated, Petitioner's requested calculation must fail. For example, "a model prisoner receives the full fifty-four-day credit *after* complying with prison disciplinary rules for 365 days." Pacheco-Camacho 272 F.3d at 1269. If a prisoner is awarded GCT credit as Petitioner suggests, "a prisoner who serves 311 days would receive the same number of credits for exhibiting good behavior only eighty-five percent of the year." Id. This interpretation would grant the prisoner a windfall during his last year of imprisonment. Id.

As § 3624(b) is ambiguous and the BOP's interpretation is reasonable, BOP Regulation 28 C.F.R. § 523.20 should be accorded the full deference of Chevron. Therefore, Petitioner fails to state a claim upon which relief can be granted and his petition should be dismissed.

**Conclusion**

For the foregoing reasons, Respondent respectfully requests that this Court allow his motion to dismiss in its entirety pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

13

        Respectfully submitted,

        DEFENDANT DAVID L. WINN,
        WARDEN, FMC DEVENS,

        By his attorney,

        MICHAEL J. SULLIVAN
        United States Attorney


        /s/ Gina Y. Walcott-Torres
By:   Gina Y. Walcott-Torres
       Assistant U.S. Attorney
       John Joseph Moakley U.S. Courthouse
       1 Courthouse Way, Suite 9200
       Boston, MA 02210
       (617) 748-3369

Dated: July 6, 2004

## CERTIFICATE OF SERVICE

This is to certify that I have this 6th day of July 2004, served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

Anthony Fiore (#09682-158), *pro se*, P.O. Box 879, Ayer, MA 01432

        /s/ Gina Y. Walcott-Torres

        Gina Y. Walcott-Torres
        Assistant United States Attorney

## REQUEST FOR WAIVER OF LOCAL RULE 7.1(A)(2) CERTIFICATION

The undersigned counsel hereby requests a waiver of the requirements of Local Rule 7.1(A)(2). As reasons therefore, she asserts that the plaintiff, who is acting *pro se*, is incarcerated at the Federal Medical Center in Devens, Massachusetts.

        /s/ Gina Y. Walcott-Torres

        Gina Y. Walcott-Torres
        Assistant United States Attorney